IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

MARTHA ANN WRIGHT, )
)
Plaintiff, ) No. 2 07 0024
)
VS. ) Judge JUDGE ECHOLS
) Magistrate Judge JUDGE BROWN
UPPER CUMBERLAND ELECTRIC )
MEMBERSHIP CORPORATION, ) JURY DEMAND
)
Defendant. )

FILED
2007 MAY 29 DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

## COMPLAINT

Plaintiff Martha Ann Wright, an African American female, files this Complaint for injunctive relief and for damages relating to and resulting from employment discrimination to which she was subjected on the basis of her race by her employer, Upper Cumberland Electric Membership Corporation. Plaintiff asserts claims for race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq.* ("THRA"). As grounds for her Complaint, Plaintiff states as follows:

## IDENTIFICATION OF THE PARTIES

1. Plaintiff is a resident of Carthage, Smith County, Tennessee, and an employee of Defendant.

2. Defendant is a Tennessee corporation doing business in Carthage, Smith County, Tennessee. Defendant may be served with process through its registered agent, Carl V. Brandt, 138 Gordonsville Highway, Carthage, Tennessee 37030. At all times material hereto, Defendant employed more than 15 employees.

## STATEMENT OF JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 and § 1343(a)(4) since Plaintiff asserts civil rights claims arising under the laws of the United States, specifically Title VII. The Court has and should exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

4. Plaintiff has met all conditions precedent to the filing of this Complaint. Plaintiff filed a timely charge of discrimination alleging race discrimination with the Equal Employment Opportunity Commission ("EEOC"). On January 25, 2007, the EEOC issued a Determination finding reasonable cause to believe that Plaintiff was discriminated against and denied a promotion because of her race in violation of Title VII. The EEOC mailed Plaintiff's Notice of Suit Rights on March 6, 2007. Copies of the Determination and Notice are attached to this Complaint.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because the acts giving rise to this Complaint occurred in an area embraced within the Cookeville Division of the Middle District of Tennessee.

## FACTUAL AVERMENTS

6. On April 10, 1992, Plaintiff became employed with Defendant as an Accounting Clerk.

7. Plaintiff is a black female who was at all times qualified for her job with Defendant and best qualified for promotional opportunities she sought but did not receive because of her race

8. During her employment with Defendant, Defendant discriminated against Plaintiff because of her race with respect to the terms, conditions, privileges and benefits of employment.

9. On February 21, 2006, Plaintiff applied for a promotion with Defendant to Purchasing Inventory Assistant position for which she was qualified. Despite being the most qualified person for the position, Plaintiff was rejected for the promotion and a less-qualified Caucasian employee received the promotion.

10. Defendant's purported reasons for not selecting Plaintiff for the promotion are a pretext for discrimination.

11. Plaintiff's race was a motivating factor in Defendant's decision to not promote Plaintiff.

12. As a result of Defendant's conduct, Plaintiff has suffered damages.

**Claims For Race Discrimination In Violation of Federal and Tennessee Law**

13. Plaintiff incorporates and realleges the factual averments as set forth in paragraphs 1 through 12 herein.

14. Defendant is liable to Plaintiff because Defendant discriminated against Plaintiff and failed to promote Plaintiff because of her race, in violation of Title VII and the THRA.

15. Defendant's conduct harmed and caused damage to Plaintiff.

**WHEREFORE,** Plaintiff requests the following relief:

1. Judgment and damages in an amount to be determined by the jury;

2. Instatement to the job position Plaintiff should have received, back

pay and damages for lost benefits;

3. Compensatory damages;

4. Punitive damages;

5. Attorneys' fees and expenses;

6. Prejudgment interest;

7. A jury for the trial of this case; and

8. Such other and further legal or equitable relief to which she may be entitled.

_____
Stephen W. Grace, TN Bar No. 14867
144 Second Avenue, North
Suite 200
Nashville, Tennessee 37201
(615) 255-5225

Attorney for Plaintiff